IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS PRICE, | : | Civil No.  1:15-CV-2485 |
| | : | |
| Petitioner, | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| SUPERIOR COURT, | : | |
| COMMONWEALTH OF | : | |
| MASSACHUSETTS, et al., | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

The petitioner, Curtis Price, is a Pennsylvania state prisoner who has filed a

petition for a writ of habeas corpus which seeks unusual relief relating to a criminal

case in another state which apparently has not yet commenced against him.  In his

petition, Price states that he is serving a Pennsylvania sentence but is wanted for trial

on charges in Massachusetts, and has been informed that the Massachusetts courts are

seeking his return to that state under the Interstate Agreement on Detainers (IAD),  a

pact signed by the United States government, the District of Columbia and 48 states

which creates uniform procedures for the lodging and execution of detainers between

signatory jurisdictions.  <u>Alabama v. Bozeman</u>, 533 U.S. 146, 148, 121 S. Ct. 2079, 2082, 150 L. Ed. 2d 188 (2001).  Alleging that this return to face these charges would in some fashion violate the IAD, a claim which Price apparently has not yet presented or exhausted through the Massachusetts state courts, Price preemptively seeks a writ of habeas corpus precluding Massachusetts from endeavoring to secure his presence in that state for trial on these charges.

Accordingly, it is apparent from the face of the petition that this petition for writ of habeas corpus is plainly unexhausted because Price acknowledges in his petition that this Massachusetts state case has not yet commenced against him.  Therefore, Price's petition presents us with the very paradigm of an unexhausted federal habeas corpus petitions, a petition whose claims have not been fully presented and resolved in the state courts.

Further, the petition raises claims under the IAD, and such claims typically are not cognizable in federal court absent a showing of prejudice to Price's defense of these state charges, a showing that Price cannot make since the prosecution of those charges has not yet taken place.

Finally, the relief Price seeks– an order enjoining the prosecution of a pending state case–simply is not available to this petitioner absent a showing of proven harassment or prosecutions undertaken by state officials in bad faith without hope of

obtaining a valid conviction, a showing which simply is not made here.

Since the petitioner has not satisfied these threshold legal requirements prescribed by statute by exhausting his state remedies before proceeding into federal court, and has not shown a colorable entitlement to habeas corpus relief at this time, we submit that this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.   **Discussion**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.  In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State;
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief.  At the outset, a petition must satisfy exacting substantive standards to warrant relief.  Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts.  Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure.  See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994).  Thus, claimed violations of state law, standing alone, will not entitle a

petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004). Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual

system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation.  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982).  Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition.  <u>Walker v. Vaughn</u>, 53 F.3d 609, 614 (3d Cir. 1995).  A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts.  <u>Evans v. Court of Common Pleas</u>, 959 F.2d 1227, 1231 (3d Cir. 1992); <u>Santana v. Fenton</u>, 685 F.2d 71, 73-74 (3d Cir. 1982).  A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court."  <u>Parker v.Kelchner</u>, 429 F.3d 58, 63 (3d Cir. 2005).

Here, on the face of this habeas corpus petition it is evident that the petitioner has not met §2254's exhaustion requirement since Price seems to be attempting to prevent an impending prosecution in Massachusetts, and is not endeavoring to set aside a fully litigated and exhausted state conviction.  Moreover, we cannot discern

a justification or excuse which would warrant foregoing the exhaustion requirement that is plainly prescribed by law.  Therefore, Price's failure to exhaust these state remedies should not be excused, and his petition for writ of habeas corpus should be dismissed at this time without prejudice to the litigation of any federal claims once these state post-conviction proceedings have concluded.

In fact, the wholly premature nature of this petition is fully revealed by the prospective claims made by Price, who argues that the Massachusetts courts' efforts to obtain physical custody over him in some fashion violate the Interstate Agreement on Detainers.  (IAD).  The short answer to this contention is one which underscores the necessity for full exhaustion of claims in state court prior to the filing of a federal habeas corpus petition by a state prisoner.  As a general rule, while IAD violations are cognizable in habeas corpus petitions, a state prisoner who bases a federal habeas corpus petition upon an alleged infraction under the IAD is not entitled to habeas corpus relief unless he shows:  "that the claimed IAD violation 'prejudiced his ability to defend at trial or the circumstances of his incarceration.' " Cooney v. Fulcomer, 886 F.2d 41, 46 (3d Cir. 1989)(citation omitted).  Rather, courts have typically held: "violations of . . . IAD provisions insufficiently 'fundamental' to warrant habeas relief. See Casper v. Ryan, 822 F.2d 1283 (3d Cir.1987) (violation of article III's requirement of trial within 180 days of request by detainee not 'fundamental defect' warranting

habeas relief); <u>Shack v. Attorney Gen. of Pa.</u>, 776 F.2d 1170, 1173-74 (3d Cir.1985)

(violation of article IV(a)'s pre-transfer hearing provision not sufficient to allow 'the

extraordinary sanction of a collateral attack on an otherwise valid criminal

conviction'); <u>but see United States v. Williams</u>, 615 F.2d 585 (3d Cir.1980) (violation

of article IV(e)'s antishuttling provision "fundamental" enough to warrant habeas

relief)." <u>McCandless v. Vaughn</u>, 172 F.3d 255, 263 n. 4 (3d Cir. 1999).

In sum, the prerequisite to a successful habeas corpus petition based upon an

alleged IAD violation is proof "that the claimed IAD violation 'prejudiced his ability

to defend at trial or the circumstances of his incarceration.' " <u>Cooney v. Fulcomer</u>,

886 F.2d 41, 46 (3d Cir. 1989).  Such claims cannot be entertained in the abstract by

federal courts.  Nor can they be pursued prior to the commencement of the state case.

Rather, these claims, which require proof of prejudice to the ability to defend at trial,

can only be evaluated after litigation, and exhaustion of the claims in state court,

where the proof of any prejudice can be fully developed and assessed.

Finally, the need to fully exhaust this IAD claim prior to foraying into federal

court is underscored by the extraordinary nature of the relief which Prices seeks in this

petition.  In effect, Price asks us to enjoin the state courts in Massachusetts from

proceeding with a pending criminal case which is lodged against Price. Price simply

is not entitled to this unusual form of prospective relief.  As the Supreme Court has

observed when rebuffing a prior effort by a state criminal defendant to enjoin his

pending state prosecution in federal court:

> According to our holding in Younger v. Harris, supra, such federal
> interference with a state prosecution is improper.  The propriety of arrests
> and the admissibility of evidence in state criminal prosecutions are
> ordinarily matters to be resolved by state tribunals, see Stefanelli v.
> Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951), subject, of
> course, to review by certiorari or appeal in this Court or, in a proper case,
> on federal habeas corpus.  Here [the petitioner/plaintiff] was free to
> present his federal constitutional claims concerning arrest and seizure of
> materials or other matters to the [state] courts in the manner permitted in
> that State.   Only in cases of proven harassment or prosecutions
> undertaken by state officials in bad faith without hope of obtaining a
> valid conviction and perhaps in other extraordinary circumstances where
> irreparable injury can be shown is federal injunctive relief against
> pending state prosecutions appropriate. See Younger v. Harris, supra; Ex
> parte Young, 209 U.S. 123, 28 S.Ct. 441,  52 L.Ed. 714 (1908).

Perez v. Ledesma, 401 U.S. 82, 84 (1971).

Here, Price simply has not made any showing of proven harassment or

prosecution undertaken by state officials in bad faith without hope of obtaining a valid

conviction.  Therefore, he has not made the legal showing that would justify enjoining

this state prosecution before it has begun, and his request for this relief should be

denied.

While we conclude that Price may not use a federal writ of habeas corpus to

prevent this case from proceeding forward, this ruling does not mean that Price is

without remedies to address any IAD violations.  Price may present these matters to

state authorities and courts in Massachusetts. Those state courts stand ready to hear, and address, his concerns. Moreover, if he is dissatisfied with the outcome of this litigation, Price is then entirely free to seek federal habeas corpus relief in the state of his conviction once he has exhausted his state court remedies. However, Price may not wholly stymie the state criminal justice process by seeking a writ enjoining his prosecution in Massachusetts before that prosecution has even commenced. Accordingly, it is recommended that Price's failure to exhaust his state remedies should not be excused, and that Price's federal habeas corpus petition should be dismissed without prejudice while Price exhausts these state legal remedies.

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, upon consideration of the Petition for Writ of Habeas Corpus filed by Price pursuant to 28 U.S.C. § 2254, IT IS RECOMMENDED that the Petitions be DISMISSED, without prejudice, and that a certificate of appealability should not issue. The petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed

findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of January 2016.

_**S/Martin C. Carlson**_
Martin C. Carlson
United States Magistrate Judge